UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALRIC BOLT, | ) |
|                   Petitioner, | ) ) ) |
|               v. | )     No. 1:17-cv-03627-JRS-MPB ) |
| KEITH BUTTS, | ) ) |
|                   Respondent. | ) |

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORUPUS**

Petitioner Alric Bolt was convicted of three counts of child molesting in an Indiana state court. Mr. Bolt now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As discussed in detail below, Mr. Bolt's claims are either procedurally defaulted, not cognizable on federal review, barred by 28 U.S.C. § 2254(d), or otherwise without merit. Therefore, his petition for a writ of habeas corpus is **denied** and a certificate of appealability will not issue.

**I.**
**Background**

Federal habeas review requires the Court to "presume that the state court's factual determinations are correct unless the petitioner rebuts the presumption by clear and convincing evidence." *Perez-Gonzalez v. Lashbrook*, 904 F.3d 557, 562 (7th Cir. 2018); *see* 28 U.S.C. § 2254(e)(1). On direct appeal, the Indiana Court of Appeals summarized the relevant facts and procedural history as follows:

> On July 24, 2007, forty-year-old Bolt insisted that his girlfriend's eleven-year-old daughter, M.W. take a shower with him. While in the shower, Bolt washed M.W. with his hands. He touched M.W.'s breasts and genital area. Bolt also placed a finger inside of M.W.'s labia. He washed M.W.'s buttocks and inner thighs. Bolt then told M.W. to wash him. M.W. began to wash his chest but he moved her hand to his penis and made her wash it. While this occurred, Bolt closed his eyes and

>tilted his head back. Bolt then said he was done and left the shower. When asked about the incident by Mother, Bolt claimed that he had just washed M.W.'s hair.
>
>On September 5, 2007, the State charged Bolt with two counts of Class C felony child molesting. On July 24, 2008, the State added a count of Class A felony child molesting. Following a three-day jury trial which began on May 4, 2009, Bolt was found guilty as charged. On May 28, 2009, the trial court sentenced Bolt to concurrent terms of five years on each of the Class C felony child molesting and thirty-five years for the Class A felony child molesting.

*Bolt v. State*, 923 N.E.2d 32 (Ind. Ct. App. 2010) (*Bolt I*).

Mr. Bolt appealed to the Indiana Court of Appeals. Dkt. 13-2. He claimed that the trial court erred in admitting photographs of the victim partially nude. Dkt. 13-3. He also claimed that the prosecutor committed misconduct by commenting on Mr. Bolt's right to not testify during closing argument. *Id.* The Indiana Court of Appeals affirmed Mr. Bolt's convictions and sentence on February 3, 2010, and the Indiana Supreme Court denied transfer on April 22, 2010. Dkts. 13-2; 13-5; 13-8.

On January 21, 2016, the state court denied Mr. Bolt's petition for post-conviction relief. Dkt. 13-9. Mr. Bolt appealed, claiming that trial counsel was ineffective for (1) failing to adequately cross-examine M.W.; (2) for failing to object to the jury instructions; and (3) for failing to adequately object to Rhonda Hill's testimony that M.W. told her that Mr. Bolt molested M.W. Dkt. 13-11. On March 3, 2017, the Indiana Court of Appeals issued its decision affirming the PCR court's denial of relief. *Bolt v. State*, 81 N.E.3d 700 (Ind. Ct. App. 2017) (*Bolt II*).

Mr. Bolt petitioned the Indiana Supreme Court to assume jurisdiction over his case. Mr. Bolt claimed that trial counsel was ineffective for failing to adequately cross-examine M.W., that trial counsel was ineffective when he failed to object to the trial court's final instructions and failed to tender an instruction that correctly laid out the elements of the crime, and that trial counsel was

2

ineffective when he failed to object to hearsay testimony from Rhonda Hill. Dkt. 13-15. On August 15, 2017, the Indiana Supreme Court denied transfer. Dkt. 13-17.

Mr. Bolt filed the instant petition for a writ of habeas corpus on October 10, 2017. Dkt. 1. He presents eleven grounds for relief in his habeas petition: (1) that the trial court erred in admitting photographs that were unfairly prejudicial to him; (2) that the State's closing argument, which commented on the un-contradicted nature of the State's case, was an impermissible reference to Mr. Bolt's failure to testify; (3) that trial counsel was ineffective for failing to object to the trial court's final instructions that omitted the mens rea element of the charged crimes; (4) that trial counsel was ineffective for failing to object to the trial court's final instructions that omitted "knowingly" from the conduct element of the charged crimes; (5) that trial counsel was ineffective for failing to object to the State's use of semi-nude photographs of the victim under Indiana Evidence Rule 608(b); (6) that trial counsel was ineffective for failing to object to hearsay testimony by Rhonda Hill; (7) that trial counsel was ineffective for failing to object to the State's use of the victim's prior consistent statement without satisfying the foundational requirements; (8) that trial counsel was ineffective for failing to object to the State's closing argument regarding the un-contradicted nature of the State's case; (9) that trial counsel was ineffective for failing to attack the victim's credibility using prior inconsistent statements; (10) that appellate counsel was ineffective for failing to raise an issue regarding the trial court's reliance on an "abuse of trust" as an aggravating circumstance at sentencing; and (11) that appellate counsel was ineffective for failing to challenge the reasonableness of Mr. Bolt's sentence.

## II.
## Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") directs how the Court must consider petitions for habeas relief under § 2254. "In considering habeas corpus petitions challenging state court convictions, [the Court's] review is governed (and greatly limited) by AEDPA." *Dassey v. Dittmann*, 877 F.3d 297, 301 (7th Cir. 2017) (en banc) (citation and quotation marks omitted). "The standards in 28 U.S.C. § 2254(d) were designed to prevent federal habeas retrials and to ensure that state-court convictions are given effect to the extent possible under law." *Id.* (citation and quotation marks omitted).

A federal habeas court cannot grant relief unless the state court's adjudication of a federal claim on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"The decision federal courts look to is the last reasoned state-court decision to decide the merits of the case, even if the state's supreme court then denied discretionary review." *Dassey*, 877 F.3d at 302. "Deciding whether a state court's decision 'involved' an unreasonable application of federal law or 'was based on' an unreasonable determination of fact requires the federal habeas court to train its attention on the particular reasons—both legal and factual—why state courts

4

rejected a state prisoner's federal claims, and to give appropriate deference to that decision[.]" *Wilson v. Sellers*, 138 S. Ct. 1188, 1191-92 (2018) (citation and quotation marks omitted). "This is a straightforward inquiry when the last state court to decide a prisoner's federal claim explains its decision on the merits in a reasoned opinion." *Id.* "In that case, a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Id.*

"For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Id.* "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102. "The issue is not whether federal judges agree with the state court decision or even whether the state court decision was correct. The issue is whether the decision was unreasonably wrong under an objective standard." *Dassey*, 877 F.3d at 302. "Put another way, [the Court] ask[s] whether the state court decision 'was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Id.* (quoting *Richter*, 562 U.S. at 103). "The bounds of a reasonable application depend on the nature of the relevant rule. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Schmidt v. Foster*, 911 F.3d 469, 477 (7th Cir. 2018) (en banc) (citation and quotation marks omitted).

5

### III.
### Discussion

Mr. Bolt raises eleven grounds for relief in his habeas petition.[1] Respondent argues that several of the grounds are procedurally defaulted, one is not cognizable in a federal habeas proceeding, and the others lack merit. The Court begins with the question of procedural default, before turning to the merits of the remaining claims.

#### A. Procedural Default of Grounds 5, 7, 8, 10, and 11

Respondent argues that Mr. Bolt procedurally defaulted Grounds 5, 7, 8, 10, and 11 by not presenting them to the Indiana Supreme Court in a petition to transfer. Grounds 5, 7, and 8 argue that Mr. Bolt's trial counsel provided ineffective assistance by failing to object to the introduction of semi-nude photographs of the victim taken by Mr. Bolt; by not objecting to the introduction of the victim's prior consistent statement; and by not objecting to the State's comment during closing argument regarding Mr. Bolt's failure to testify. Grounds 10 and 11 argue that Mr. Bolt's appellate counsel provided ineffective assistance in two respects.

"To protect the primary role of state courts in remedying alleged constitutional errors in state criminal proceedings, federal courts will not review a habeas petition unless the prisoner has fairly presented his claims throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015) (citation and quotation marks omitted); *see* 28 U.S.C. § 2254(b)(1)(A). "Fair presentment requires . . . the petitioner [to] raise the issue at each and every level in the state

---

[1] Mr. Bolt and Respondent number Mr. Bolt's grounds for relief differently, with Respondent treating two of Mr. Bolt's grounds differently. The Court uses Mr. Bolt's numbering system when addressing his grounds for relief.

6

court system, including levels at which review is discretionary rather than mandatory," such as the Indiana Supreme Court. *King v. Pfister*, 834 F.3d 808, 815 (7th Cir. 2016) (citation and quotation marks omitted). "A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Id.* (citation and quotation marks omitted).

Mr. Bolt filed petitions to transfer to the Indiana Supreme Court following his direct appeal and post-conviction appeal. Respondent is correct that none of the above claims were raised in either of those petitions. In his petition to transfer following direct appeal, Mr. Bolt did not raise any ineffective-assistance-of-counsel claims. *See* Dkt. 13-6. In his petition to transfer following post-conviction appeal, Mr. Bolt raised the following three ineffective-assistance-of-trial-counsel claims: trial counsel failed to adequately cross-examine the victim; trial counsel failed to object to the final instructions and tender an instruction that set forth all elements of the crime; and trial counsel failed to object to hearsay evidence offered by the victim's aunt. *See* Dkt. 13-15. He did not raise any ineffective-assistance-of-appellate counsel claims in either petition to transfer. In sum, Mr. Bolt did not raise Grounds 5, 7, 8, 10, or 11 in a petition to transfer to the Indiana Supreme Court, and thus he has procedurally defaulted these claims. *See King*, 834 F.3d at 815.

"A federal court may excuse a procedural default if the habeas petitioner establishes that (1) there was good cause for the default and consequent prejudice, or (2) a fundamental miscarriage of justice would result if the defaulted claim is not heard[.]" *Johnson*, 786 F.3d at 505; *see Thomas v. Williams*, 822 F.3d 378, 386 (7th Cir. 2016). Mr. Bolt attempts to excuse his procedural default by arguing that although Grounds 5, 7, and 8 were raised in the post-conviction court, his post-

7

conviction appellate counsel, without consulting him, failed to raise them on appeal.[2] *See, e.g.*, Dkt. 27 at 9. The Supreme Court has held that ineffective assistance of post-conviction appellate counsel is not a basis to overcome procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 752–54 (1991) (ineffective assistance of post-conviction counsel cannot be cause to excuse a default); *Martinez v. Ryan*, 566 U.S. 1, 16 (2012) (creating an exception to *Coleman* for ineffective assistance of counsel on initial post-conviction review but noting that "[t]he rule of *Coleman* governs . . . appeals from initial-review collateral proceedings"). Accordingly, Grounds 5, 7, 8, 10, and 11 are procedurally defaulted and cannot form the basis for habeas relief.

### B. Ground 1: Admission of Photographs

Mr. Bolt argues in Ground 1 that the state trial court misapplied the Indiana Rules of Evidence by admitting semi-nude photographs of the victim taken by Mr. Bolt. Simply put, Mr. Bolt asks this Court to conclude that the state court misapplied the Indiana Rules of Evidence.

Respondent is correct that this claim is not cognizable in a federal habeas proceeding. A writ of habeas corpus may only issue if a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Therefore, "[e]rrors of state law in and of themselves are not cognizable on habeas review." *Arnold v. Dittman*, 901 F.3d 830, 835 n.3 (7th Cir. 2018); *accord Samuel v. Frank*, 525 F.3d 566, 574 (7th Cir. 2008). Because Ground 1 seeks habeas relief based on an error of state law, it cannot form the basis for federal habeas relief.

---

[2] Mr. Bolt does not attempt to overcome his procedural default as to Grounds 10 and 11. Instead, he "waive[s] those claims." Dkt. 26 at 2. Whether because Mr. Bolt abandoned those claims or because they are procedural defaulted, he is not entitled to habeas relief on Grounds 10 and 11.

## C. Ground 2: Impermissible Comments on Defendant's Silence

Mr. Bolt argues in Ground 2 that his Fifth Amendment rights were violated because the prosecutor impermissibly commented during closing argument on Mr. Bolt's failure to testify in his defense. The Fifth Amendment, made applicable to the States by the Fourteen Amendment, prohibits "comment by the prosecution on the accused's silence." *Griffin v. California*, 380 U.S. 609, 614 (1965).

At issue is the following statement by the prosecutor during closing argument:

> In this case, there has been no evidence whatsoever other than Alric Bolt molested her in this manner and form. The only other option you have been given is that the child somehow is confusing hair washing with these touches I've just discussed. That is not plausible and that does not make sense. The reason why it does not make sense is because in order to call this child a liar, I submit to you, you have got to come up to these jurors and say to them, "This is why she lied; this is her motive."

Trial Tr. at 463–64.

The Indiana Court of Appeals addressed this claim on the merits in *Bolt I*. After setting forth the above statement by the prosecutor, the Indiana Court of Appeals reasoned as follows:

> While these statements are poorly worded, they do not rise to the level of fundamental error. The State appears to be addressing testimony that called into question M.W.'s credibility and attempted to summarize the evidence presented at trial. Not only did the State not commit misconduct, the statements could have had no impermissible persuasive effect on the jury.

*Bolt I*, 2010 WL 623722, at *3.[3]

---

[3] Because Mr. Bolt did not object to these comments at trial, the Indiana Court of Appeal reviewed the claim under Indiana's fundamental error doctrine. The Seventh Circuit has made clear that an Indiana state court's resolution of a claim under Indiana's fundamental-error doctrine amounts to an independent and adequate state procedural ground, and thus the claim is procedurally defaulted. *See Lee v. Davis*, 328 F.3d 896, 900 (7th Cir. 2003); *Willis v. Aiken*, 8 F.3d 556, 567 (7th Cir. 1993) ("[T]he examination required to determine whether there had been fundamental error [by the Indiana Court of Appeals] did not undermine reliance on an independent state procedural ground of waiver; and federal habeas review was precluded."). However, "[p]rocedural default is

As an initial matter, the Court disagrees with the Indiana Court of Appeals that the prosecutor's statements could not have possibly had an impermissible impact on the jury. The prosecutor's statement that "you have got to come up to these jurors" and explain the victim's motive to lie, although unclear to whom the "you" in that statement refers, could have been interpreted by jurors as comment on Mr. Bolt's failure to testify. Alternatively, "you" could refer to Mr. Bolt's counsel, or to the victim's mother who testified in Mr. Bolt's defense that he only washed the victim's hair. Trial Tr. 437.

But to obtain relief, Mr. Bolt "must have a Supreme Court case to support his claim, and that Supreme Court decision must have clearly established the relevant principle as of the time of his direct appeal." *Clark v. Lashbrook*, 906 F.3d 660, 664 (7th Cir. 2018). In *Griffin*, the Supreme Court held that the Fifth Amendment "forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt." 380 U.S. at 614. The Seventh Circuit has read *Griffin* as prohibiting "only 'direct' prosecutorial references to the defendant's failure to testify; *Griffin* did not reach the issue of whether a prosecutor may comment on the evidence in such a way that indirectly refers to a defendant's silence." *Diggs v. Hulick*, 236 Fed. Appx. 212, 215 (7th Cir. 2002); *accord Clark*, 906 F.3d at 665 ("*Griffin* was not implicated by the facts here, because the prosecutor's comments, at most, indirectly referenced Clark's refusal to testify.").

As explained above, the prosecutor's comments at issue in this case are somewhat ambiguous; or, as observed by the Indiana Court of Appeals, "poorly worded." *Bolt I*, 2010 WL

---

an affirmative defense and can be waived." *Weddington v. Zatecky*, 721 F.3d 456, 465 (7th Cir. 2013). And Respondent waived this defense by not raising it. *See Blackmon v. Williams*, 823 F.3d 1088, 1100 (7th Cir. 2016).

623722, at *3. Although perhaps a direct comment on Mr. Bolt's failure to testify, the prosecutor's comment could also be understood—as the Indiana Court of Appeal understood them—to be a comment on Mr. Bolt's counsel or his only witness's (the victim's mother) failure to provide a motive for the victim to lie, even though defendant's counsel suggested the victim lacked credibility. Ultimately, the prosecutor's comments are susceptible to different meanings. That is what makes this case similar to, and ultimately governed by, the Seventh Circuit's recent decision in *Clark*.

In *Clark*, the petitioner raised a similar Fifth Amendment claim as the one Mr. Bolt raises here. The Seventh Circuit considered ambiguous comments by the prosecutor during closing that could be read as comments on the defendant's failure to testify. But it held that the statements at issue were not "only susceptible to one meaning"—that the defendant failed to testify. *Clark*, 906 F.3d at 665. This brought the comments outside the ambit of *Griffin*, as they were not a direct comment on the defendant's failure to testify. *Id.*

Moreover, the Seventh Circuit went on to explain that "[a]nother contrast to *Griffin* . . . is the fact that the trial court here gave the jury the correct instruction, that it must not consider [the defendant's] refusal to testify as evidence of guilt." *Id.* Because of this, the Seventh Circuit concluded that "to the extent that any prejudice arose due to the ambiguous nature of the statement, the clear jury instructions cured it." *Clark*, 906 F.3d at 665. The same is true here. The trial court instructed the jury as follows: that Mr. Bolt did not testify, but that he may not be "compelled to," "has no obligation to," and that the jury "must not consider this fact in any way." Trial Tr. at 490.

In the end, this Court must reach the same conclusion as that reached in *Clark*, especially given that this case is governed by AEDPA's deferential standard. The Indiana Court of Appeals

11

reasonably applied *Griffin* in concluding that the prosecutor's statements, although susceptible to different meanings, were not a direct comment on Mr. Bolt's failure to testify. And even though the comments were ambiguous, *Clark* makes clear that the proper jury instructions can cure any prejudice caused. For these reasons, Mr. Bolt is not entitled to relief on this claim.

### D. Grounds 3, 4, 6, 9: Ineffective Assistance of Trial Counsel

Mr. Bolt argues that trial counsel provided ineffective assistance in four respects. The Court begins by setting forth the standards governing ineffective-assistance-of-counsel claims, before addressing each allegation of deficient performance in turn. Because Grounds 3 and 4 overlap, they are addressed together.

A criminal defendant has a right under the Sixth Amendment to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). For a petitioner to establish that "counsel's assistance was so defective as to require reversal," he must make two showings: (1) that counsel rendered deficient performance that (2) prejudiced the petitioner. *Id.* "This inquiry into a lawyer's performance and its effects turns on the facts of the particular case, which must be viewed as of the time of counsel's conduct." *Laux v. Zatecky*, 890 F.3d 666, 673–74 (7th Cir. 2018) (citation and quotation marks omitted). "As for the performance prong, because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight, *Strickland* directs courts to adopt a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 674 (citation and quotation marks omitted). "The prejudice prong requires the defendant or petitioner to 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Laux*, 890 F.3d at 674 (quoting *Strickland*, 466 U.S. at 694).

### i. Grounds 3 & 4: Failing to Challenge Jury Instructions

Mr. Bolt argues that his trial counsel provided ineffective assistance of counsel when he failed to challenge jury instructions that did not contain the mens rea element of the crime. The Indiana Court of Appeals held that Mr. Bolt's trial counsel did not perform deficiently when he did not object to the jury instructions because

> the statutory language referenced deliberate injurious conduct and the jury would be led to understand that Bolt must have acted with criminal intent; Final Instruct 7 informed the jury that a person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so; and the jury was instructed to consider the instructions as a whole. Additionally, the Amended Information was read to the jury; in each count, the State alleged that Bolt performed his conduct knowingly.

*Bolt v. State*, 81 N.E.3d 700, *5 (Ind. Ct. App. 2017) (*Bolt II*).

The Seventh Circuit has held that "the complete failure to give any jury instruction on an essential element of the offense charged, under circumstances indicating that the jury was not otherwise informed of the necessity of proof of the element, is a violation of due process." *Sanders v. Cotton*, 398 F.3d 572, 581–82 (7th Cir. 2005) (quoting *Cole v. Young,* 817 F.2d 412, 423 (7th Cir.1987)). The Indiana Court of Appeals' analysis of Mr. Bolt's claim tracks the Seventh Circuit's approach. The jury instructions in Mr. Bolt's case, taken as a whole, informed the jury of the elements of the crime. The charging information also informed the jury of the "knowing" element. The Indiana Court of Appeals reasonably applied *Strickland* in concluding that trial counsel's failure to object to the jury instructions was not deficient performance. Mr. Bolt is not entitled to relief on this ground.

### ii. Ground 6: Failure to Object to Hearsay

Mr. Bolt next argues that his trial counsel provided ineffective assistance when he failed to

13

properly object to hearsay testimony from witness Rhonda Hill, the victim's aunt. During her trial testimony, Ms. Hill began to recount what her niece had told her. Trial counsel objected. The State responded that the statement was not admitted for the truth of the matter asserted, but to explain why the witness called the police. Trial Tr. 285. The following exchange occurred:

> Court: I think the State needs to adopt a minimalist approach here if she were to say, I called because M.W. told me that she had been molested, I think that's all.
>
> Prosecutor: That was really all she was going to say and I will make sure of that...
>
> Court: She doesn't need to say who did it. She doesn't need to identify the perpetrator, only that the child had reported a molestation. And I would be happy to admonish the jury that they may consider that only as an explanation of why the witness telephoned the police if you want me to.
>
>    ***
>
> Trial Counsel: If she just answers it that way and doesn't identify anybody, you don't need to give that instruction.

Trial Tr. 286–87.

Ultimately, Ms. Hill testified that "M.W. had told me she had been molested." Trial Tr. 287. Later, Ms. Hill clarified that M.W. had not used the word "molested." Trial Tr. 296.

Although trial counsel objected to Ms. Hill's testimony, Mr. Bolt argues that trial counsel should not have withdrawn the objection. Dkt. 27 at 18. He points to Seventh Circuit case law that cautions that such 'course of investigation' evidence "can easily violate a core constitutional right, [is] easily misused, and [is] usually no more than minimally relevant. Courts asked to admit such statements for supposed non-hearsay purposes must be on the alert for such misuse. A trial court should not accept without scrutiny an offering party's representation that an out-of-court statement is being introduced for a material non-hearsay purpose." *Jones v. Basinger*, 635 F. 3d 1030, 1046 (7th Cir. 2011) (internal quotation omitted).

14

The Indiana Court of Appeals acknowledged the risk of abuse that comes with 'course of investigation' testimony and that a jury might "rely upon the out-of-court assertion as substantive evidence of guilt," but concluded that Mr. Bolts counsel did not perform deficiently when he declined a limiting instruction offered by the trial court:

> Here, the statement as to Bolt's conduct was susceptible of being true or false but was offered to show why the police investigation was initiated. It is unfortunate that the word 'molested' was used as it clearly has potential to heightened prejudiced. However, Hill clarified that M.W. did not actually use that word. Although it would have been preferable to have the word entirely excluded from Hill's testimony, trial counsel was not obliged to ensure that Bolt was tried in a proceeding free of all error and prejudice.

*Bolt II*, 81 N.E.3d 700 at *5.

This was an unreasonable application of *Strickland*. Trial counsel objected to the expected testimony, but he declined the Court's offer to admonish the jury not to consider Ms. Hill's testimony about her conversation with the victim as substantive evidence against Mr. Bolt. The probative value of the 'course of investigation' testimony was low and there was at least some risk of prejudice to Mr. Bolt.

Although the Indiana Court of Appeals' ruling was unreasonable, a de novo review of this issue reveals that Mr. Bolt was not prejudiced by the lack of a limiting instruction to the jury. If the jury considered as substantive evidence Ms. Hill's testimony that the victim told her she had been molested, that statement was merely cumulative of the victim's testimony that Mr. Bolt had molested her. When a jury question asked Ms. Hill to clarify whether the victim had used the word 'molest,' Ms. Hill stated that the victim had not used that word but had said things that led Ms. Hill to conclude she had been molested. Trial Tr. 295–96. Under these circumstances, this testimony did not prejudice Bolt in the *Strickland* sense. In other words, there

15

is no reasonable probability that the outcome of his trial would have been different had the trial court excluded Ms. Hill's statement or given a limiting instruction. Mr. Bolt is therefore not entitled to relief on this ground.

### iii. Ground 9: Failed to present prior inconsistent statements by victim, and character evidence of victim's truthfulness

Mr. Bolt next argues that trial counsel was ineffective when he failed to confront the victim with prior inconsistent statements and failed to call two witnesses to offer testimony regarding the victim's character for deceitfulness. Particularly, he wanted his counsel to point out what he perceived as important inconsistencies between the victim's deposition testimony and trial testimony, including that 1) the victim testified at her deposition that when Mr. Bolt washed her legs, he stopped at her knees, but at trial she testified that that he washed her vagina; and 2) during her deposition she testified that her sisters were at the library for 15 minutes, but at trial she testified that they were gone for an hour. He also wanted his counsel to call witnesses who would testify that the victim had lied about attendance at Sunday school in order to obtain a prize.

Trial counsel testified during the post-conviction proceedings that he would be surprised if he had not confronted the victim with any inconsistent statements or asked her about Sunday school on cross examination, but that his main goal would have been to avoid leaving the jury with the impression that he was grasping at straws. PCR Tr. 42–43. Trial counsel noted that, in his experience, attacking a victim's credibility was not a successful strategy. *Id*. at 52–54. Trial counsel also noted that it is important to consider whether asking about the details of a molestation on cross examination will give the victim another opportunity to emphasize to the jury what happened. *Id*. at 48, 54. Finally, counsel testified that he did not focus on the time discrepancy because it did not affect whether there was enough time for the alleged acts to occur. PCR Tr. 116.

16

In reviewing this issue, the Indiana Court of Appeals held that there were no "blatant inconsistencies unaddressed by defense counsel" and that counsel's "decision not to attack the timeline falls within an objective standard of reasonableness." *Bolt II*, 81 N.E.3d 700 at *3. This was not an unreasonable determination of the facts or an unreasonable application of federal law.

When an attorney "articulates a strategic reason for a decision that was sound at the time it was made, the decision cannot support a claim of ineffective assistance of counsel." *Yu Tian Li v. United States*, 648 F.3d 524, 528 (7th Cir. 2011). Trial counsel's strategic decision is "virtually unchallengeable" when, as here, there is no allegation that the strategy was based on a failure to investigate. *Strickland*, 466 U.S. at 691. When asked during her deposition specifically about washing her legs, the victim testified that Mr. Bolt stopped at her knees. But she also testified at her deposition, that he washed other parts of her body including her 'butt' and stomach. At trial she testified additionally that he washed the 'front part' of her 'butt'. *Bolt II*, 81 N.E.3d 700 at *2–3. It was a reasonable strategic choice by defense counsel not to cross examine the victim on this alleged inconsistency. Mr. Bolt is not entitled to relief on this ground.

The Indiana Court of Appeals also held that trial counsel was not ineffective for failing to call witnesses to testify regarding the victim's character for truthfulness because such extrinsic evidence would not be admissible under Indiana Evidence Rule 608(b). *Id.* at *3; *see also* Ind. R. Evid. 608(b) ("[E]xtrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness.").

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Wilson v. Corcoran*, 526 U.S. 1, 5 (2010) (citation and quotation marks omitted); *see also Miller v. Zatecky*, 820 F.3d 275, 277 (7th Cir. 2016) ("A federal court cannot

17

disagree with a state court's resolution of an issue of state law."). Such is true even when, as here, it is embedded in an ineffective assistance of counsel claim. "Although claims of ineffective assistance of counsel can be premised on an attorney's failure to raise state-law issues, federal courts reviewing such claims must defer to state-court precedent concerning the questions of state law underlying the defendant's ineffectiveness claim." *Shaw v. Wilson*, 721 F.3d 908, 914 (7th Cir. 2013) (citations omitted); *see also Harper v. Brown*, 865 F.3d 857, 859 (7th Cir. 2017) (holding that a habeas petitioner's argument was really an attack on a state court's resolution of a question of state law embedded within its analysis of a *Strickland* claim and that federal courts are not empowered to review such questions of state law under § 2254). Because the Indiana Court of Appeals' decision regarding this instance of claimed deficient performance rests on state law grounds, this Court will not review it.

## IV.
## Conclusion

For these reasons, Mr. Bolt's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **denied.** Final Judgment in accordance with this decision shall issue.

## V.
## Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of

reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation and quotation marks omitted). Where the court denies a claim on procedural grounds, the petitioner must also show that reasonable jurists could disagree about the court's procedural ruling. *Peterson v. Douma*, 751 F.3d 524, 530−31 (7th Cir. 2014).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Because reasonable jurists would all agree that Mr. Bolt's claims are procedurally defaulted, not cognizable on federal review, barred by 28 U.S.C. § 2254(d), or otherwise without merit, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

Date: 6/14/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ALRIC BOLT
203032
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Evan Matthew Comer
INDIANA ATTORNEY GENERAL
evan.comer@atg.in.gov

Andrew A. Kobe
INDIANA ATTORNEY GENERAL
andrew.kobe@atg.in.gov